**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**KENNETH TOLSON**<br><br>**Defendant.** | **CASE NUMBER: 2:17CR96-001**<br><br>**USM Number: 17134-027**<br><br>**SHANE RYAN O'DONNELL**<br>**DEFENDANT'S ATTORNEY** |

# JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count(s) 1 of the Information on 12/4/2017.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:669 HEALTH CARE THEFT | May 20, 2013 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

December 4, 2017
Date of Imposition of Judgment

s/ John E. Martin
Signature of Judge

John E. Martin, United States Magistrate Judge
Name and Title of Judge

December 4, 2017
Date

## PROBATION

The defendant is hereby sentenced to probation for a term of **6 months.**

Within 72 hours after the judgment, defendant shall report in person to the nearest United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m. While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

**Mandatory Conditions of Supervision**

1. Defendant shall not commit another federal, state or local crime.

2. Defendant shall not unlawfully use, possess, or distribute a controlled substance.

3. The mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

**The defendant shall comply with the following discretionary conditions.**

4. The defendant shall not knowingly leave the judicial district without the permission of the court or probation officer. The probation office will provide a map or verbally describe the boundaries of the judicial district at the start of supervision.

5 The defendant shall report to the probation officer in the manner and as frequently as reasonably directed by the court or probation officer during normal business hours.

6. The defendant shall not answer falsely any inquiries by the probation officer. However, the defendant may refuse to answer any question if the defendant believes that truthful answer may incriminate him.

7. The defendant shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. The defendant may petition the Court to seek relief or clarification regarding a condition if he believes it is unreasonable.

8. The defendant shall make reasonable effort to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as child care, disability, age or serious health condition.

9. The defendant shall permit a probation officer to visit him at any time at home or any other reasonable location between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

10. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

11. The defendant shall notify the probation officer of any material change in his economic circumstances that might affect his ability to pay any unpaid amount of restitution and fines.

12. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

13. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the installment payment schedule imposed for payment of restitution and/or a fine.

14. The defendant shall provide a probation officer with specific financial information regarding the defendant’s ability to pay restitution, forfeiture, or a fine, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the defendant’s failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining the defendant’s current ability to pay.

15. Within 14 days of entry of judgment, defendant must pay restitution in the amount of $24,857.53 to the United States District Court Clerk's Office, in Hammond, Indiana, to be disbursed to the Indiana-Kentucky Carpenters Welfare Fund. If financially unable to fulfill this requirement, defendant must pay restitution in monthly minimal installments of $200 to be paid in full by December 31, 2020. Such payment schedule will begin 30 days after placement on probation and will remain in effect until such time as the Court is notified by defendant, victim, or government that there has been a material change in the defendant’s ability to pay.

16. The defendant shall pay to the United States a total special assessment of $25, which shall be due immediately. (18 U.S.C. §§ 3013.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $25.00 (paid) | NONE | $24,857.53 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $24,857.53 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Indiana Kentucky Carpenters Welfare Fund | 24,857.53 | 24,857.53 | |
| **Totals** | $24,857.53 | $24,857.53 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18,United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A Lump sum payment of $24,882.53 due within 14 days after entry of judgment; or payment in minimum monthly installments of $200 to be paid in full by December 31, 2020 to commence 30 days after the entry of this judgment;

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Name: KENNETH TOLSON
Docket No.: 2:17CR96-001

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

____________________________________ ____________________
Defendant Date

____________________________________ ____________________
U.S. Probation Officer/Designated Witness Date